**Jason M. BURGETT, Appellant–Plaintiff,**

v.

**Joseph N. HAYNES and Blaine L. Hession, Appellees–Defendants.**

No. 79A02–9102–CV–70.[1]

Court of Appeals of Indiana, Fifth District.

June 10, 1991.

---

**1.** This case has been diverted to this office by order of the Chief Judge.

John M. Burgett, Lafayette, for appellant-plaintiff.

BARTEAU, Judge.

Jason Burgett appeals the trial court's judgment in his favor and against Joseph Haynes and Blaine Hession on Burgett's claim for damages as a crime victim. Burgett raises the following four issues:

1. Whether the trial court erroneously failed to award damages for lost earnings;

2. Whether the trial court's award of damages is inadequate;

3. Whether the trial court erroneously failed to make the judgment against Haynes and Hession joint and several; and,

4. Whether the trial court erroneously failed to award attorney fees.

We affirm in part, reverse in part and remand.

## FACTS

On July 20, 1988, Haynes and Hession stole Burgett's car, resulting in damage to the car and to Burgett's personal property in the car. Burgett filed a claim against Haynes and Hession pursuant to Ind.Code 34-4-30-1 for damages equal to three times his actual damages, costs of the action and reasonable attorney fees. The trial court found that Burgett's actual damages totaled $2941.44 and entered judgment against each defendant in the amount of $1,970.72, together with costs. This

amount represents half of the actual damages plus $750.00 each defendant was ordered to pay as exemplary damages. The trial court did not award attorney fees to Burgett, who was represented by his father, an attorney.

Other facts will be presented below as necessary.

## LOST EARNINGS

■ As a result of his car being stolen and damaged, Burgett had to spend fourteen hours "dealing with this matter when he could have been working at $7.00 per hour." He alleges the trial court erred in refusing to award him damages for this loss. The nature of Burgett's work was such that he did not have set hours that he was on the job. He performed maintenance work on the apartments owned by his family and responded to complaints from tenants. He testified that he did this work in the late afternoons, evenings and weekends whenever it was needed. A review of the record leaves no doubt that the trial court found that Burgett did not carry his burden of proof on lost earnings. Although he showed he was inconvenienced, "there is no evidence ... that he lost a dime in wages." (R. 183). It is the trial court's prerogative to weigh the evidence. This issue presents no error.

## INADEQUATE DAMAGES

■ Burgett next argues that the exemplary damages award of $1500.00 is inadequate. I.C. 34–4–30–1 provides that a civil action may be brought against the person causing the loss for an amount "not to exceed" three times the actual damages. The Indiana Supreme Court has suggested that the trial court is granted discretion in determining the amount of damages under this statute. *White v. Indiana Realty Associates II* (1990), Ind. 555 N.E.2d 454, 456, n. 1. We now hold that the award of damages above the actual damages is within the discretion of the trial court. The trial court found that the actual damages were $2941.44 and awarded an additional $1500.00 in damages as provided for under

I.C. 34–4–30–1. The trial court did not abuse its discretion.

## JOINT AND SEVERAL JUDGMENT

■ Burgett next argues that the trial court erred in entering judgment against the defendants severally and one-half as to each defendant. We agree. It has long been the law that "all who join in the commission of a wrong resulting in injury are jointly and severally liable for the entire damage sustained." *Hoesel v. Cain* (1944), 222 Ind. 330, 53 N.E.2d 165, *reh'g. denied; Young v. Hoke* (1986), Ind.App., 493 N.E.2d 1279, *trans. denied.* There is no evidence in the record to support an apportionment of the damages. Accordingly, we reverse the judgments entered severally as to each defendant and remand with instructions for the trial court to enter judgment against the defendants jointly and severally for the full amount of damages and costs.

## ATTORNEY FEES

■ Finally, Burgett argues that the trial court erroneously failed to award attorney fees pursuant to I.C. 34–4–30–1. That statute provides that the person suffering the loss may recover a reasonable attorney's fee. Unlike I.C. 31–1–11.5–16, which gives the trial court discretion to award an attorney's fee in a marriage dissolution procedure, I.C. 34–4–30–1 does not leave the recovery of attorneys' fees to the discretion of the trial court. The statute states that "the person may bring a civil action against the person who caused the loss for the following: ... (3) A reasonable attorney's fee." If the plaintiff prevails and proves that an attorney's fee has been incurred, the trial court must award a reasonable fee as part of the plaintiff's recovery. *See Roake v. Christensen* (1988), Ind. App., 528 N.E.2d 789.

■ Burgett submitted an affidavit itemizing his attorney's fee to which Haynes and Hession did not object. Although Burgett had not paid any attorney fees at the time of trial, it does not follow that attorney fees had not been incurred. In fact, the trial court found not that attorney fees

had not been generated, but that the hours and rate claimed was excessive. We therefore remand this cause to the trial court for a determination of a reasonable attorney's fee to be awarded to Burgett.

After initiation of this appeal Burgett filed a petition for appellate fees with the trial court. The record does not disclose whether the trial court has made a ruling on it. The preferred procedure is for the trial court to hold the petition in abeyance until the conclusion of the appeal and to hear evidence and make a ruling at that time. *Templeton v. Sam Klain & Son, Inc.* (1981), Ind., 425 N.E.2d 89. Reasonable attorney fees provided for in I.C. 34-4-30-1 encompass appellate fees. *Roake, supra.*

We reverse the judgments entered against Haynes and Hession separately and remand with instructions for the trial court to enter judgments against Haynes and Hession jointly and severally for the full amount of damages plus costs and a reasonable attorney's fee. In all other respects, the judgment of the trial court is affirmed. Burgett's request for oral argument is denied.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

GARRARD and SHARPNACK, JJ., concur.