Melvin A. BROWNING,
Appellant–Plaintiff,

v.

Bayard H. WALTERS and Great Country Communications, Inc.,
Appellees–Defendants.

No. 77A01–9207–CV–214.

Court of Appeals of Indiana,
First District.

July 6, 1993.

Robert F. Hellman, Hellman, Cook & Alexander, Terre Haute, for appellant.

Michael H. Hagedorn, Tell City, for Great Country Communications, Inc.

David D. Haynes, Terre Haute, for Bayard H. Walters.

## STATEMENT OF THE CASE

NAJAM, J.

Melvin Browning, the minority shareholder of Great Country Communications, Inc. ("Great Country"), brings this action against Bayard Walters, the majority shareholder and president of Great Country. Browning's complaint alleged both a derivative action on behalf of Great Country and a personal action against Walters. Browning appeals the trial court's dismissal of his complaint for failure to comply with Trial Rule 23.1 and for failure to file his treble damages claim under Indiana Code § 34–4–30–1 within the two-year statute of limitations.

We affirm.

## ISSUES

We restate the issues presented on appeal as:

1. Whether the trial court erred by dismissing Browning's derivative action with prejudice for Browning's failure to comply with Trial Rule 23.1.

2. Whether an action under our treble damages statute, Indiana Code § 34-4-30-1, is governed by the statute of limitations for the predicate criminal offense or by the two-year statute of limitations applicable to the forfeiture of a statutory penalty.

3. Whether Browning stated a separate common law cause of action on the face of his complaint.

### FACTS

Browning filed a three-count complaint on December 21, 1987. Count I alleged a derivative action on behalf of Great Country against Walters and sought actual damages for Walters' fraudulent misappropriation of corporate funds. Browning alleged that these purportedly fraudulent transfers occurred in 1981 and 1982. In Count II, Browning incorporated the rhetorical paragraphs from Count I and claimed that Walters' acts were in violation of Indiana Code § 35-43. Thus, Browning sought three times Great Country's pecuniary loss, the costs of the action and reasonable attorney's fees pursuant to Indiana Code § 34-4-30-1. In Count III, Browning also incorporated the rhetorical paragraphs from Count I and alleged that, due to Walters' fraudulent acts, Browning had personally suffered a pecuniary loss as a result of his inability to satisfy a judgment he obtained against Great Country in the Clay Circuit Court in 1985. Browning requested judgment for three times his own pecuniary loss, costs, and attorney's fees pursuant to Indiana Code § 34-4-30-1.

Walters and Great Country filed motions to dismiss pursuant to Trial Rule 12(B)(6). In its supporting briefs, Great Country maintained that Browning's treble damages claims were barred by the two-year statute of limitations which applies to the forfeiture of a statutory penalty. *See* IND.CODE § 34-1-2-2(1). Great Country also argued that Browning failed to comply with the requirements of Trial Rule 23.1. Specifically, Great Country maintained that

Browning neither verified his derivative action complaint nor alleged with particularity his efforts, if any, to obtain the action desired from the directors or comparable authority and the reasons for his failure to obtain the action or not make the effort. The trial court granted the motions and entered the following order:

"The Court now grants the Defendant's [sic] Motion to Dismiss, the Plaintiff having failed to comply with Trial Rule 23.1 of the Indiana Rules of Trial Procedure and the Defendant [sic] having failed to file this action within the required two year statute of limitations.

IT IS THEREFORE ORDERED, this cause be dismissed with prejudice."

Record at 187. Browning appeals.[1]

### DISCUSSION AND DECISION

#### Standard of Review

 We review a trial court's dismissal of a complaint pursuant to Trial Rule 12(B)(6) to determine if the complaint stated any set of allegations upon which the trial court could have granted relief. *Furno v. Citizens Insurance Co. of America* (1992), Ind.App., 590 N.E.2d 1137, 1139, *trans. denied.* The allegations in a complaint are sufficient to withstand a motion to dismiss unless it appears that the plaintiff is not entitled to relief under any circumstances. *Id.* A plaintiff is required to make nothing more than a clear and concise statement in his complaint to put the defendant on notice that he has a justiciable claim and is entitled to relief under some legal theory. *Roberts v. State* (1974), 159 Ind.App. 456, 460, 307 N.E.2d 501, 504.

#### Issue One: Derivative Action Complaint

Browning first contends the trial court erred when it dismissed his action with prejudice for his failure to comply with the requirements of Trial Rule 23.1 which controls derivative actions by shareholders. We find no error in the court's order dismissing Counts I and II on these grounds.

---

1. Browning did not timely file his Reply Brief, and we need not consider any arguments contained therein. *See* Ind.Appellate Rule 8.1(C); *see also Doe v. Hancock County Board of Health,* (1982), Ind., 436 N.E.2d 791, 792 (reviewing court has discretion not to consider untimely briefs).

■ Verification of a complaint, when required under our Trial Rules, is jurisdictional. *Gary Community Mental Health Center, Inc. v. Indiana Department of Public Welfare* (1986), Ind.App., 496 N.E.2d 1345, 1347. If a litigant fails to verify a pleading as required by any civil or special statutory proceeding, a trial court may dismiss the proceeding for lack of subject-matter jurisdiction. *Id.* Browning did not comply with Trial Rule 23.1 and verify his derivative action complaint, and the trial court properly dismissed Count I and Count II of his complaint for failure to state a claim pursuant to Trial Rule 12(B)(6).

■ Browning contends generally that the trial court erred because it should have allowed him a reasonable amount of time to amend his complaint before dismissal. When a party fails to comply with a condition precedent to jurisdiction, the complaint will be subject to dismissal for failure to state a claim pursuant to Trial Rule 12(B)(6), after which the plaintiff can amend. *Matter of Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 780–81. Dismissal for lack of jurisdiction based on a failure to comply with the requirements of our Trial Rules is a final, appealable judgment. Ind.Trial Rule 41(B) and (E). However, that dismissal does not usually operate as an adjudication on the merits and is not res judicata. *See City of Hammond v. Board of Zoning Appeals* (1972), 152 Ind.App. 480, 484, 284 N.E.2d 119, 123. A plaintiff is entitled either to amend his complaint pursuant to Trial Rule 12(B)(6) and Trial Rule 15(A), or to elect to stand upon his complaint and to appeal from the order of dismissal.[2] *England v. Dana Corp.* (1970), 147 Ind.App. 279, 284, 259 N.E.2d 433, 436, *trans. denied.* When a plaintiff elects the latter option and appeals the dismissal, the order of dismissal becomes an adjudication on the merits. *Id.*

■ Thus, it was Browning's procedural right, and it was incumbent upon him as plaintiff, to file or tender an amended complaint which would withstand a motion to dismiss. Browning did not attempt to cure the jurisdictional defect in his complaint by utilizing Trial Rule 12(B)(6) either to amend the complaint as of right or to seek leave from the court to amend under Trial Rule 15(A). Instead, Browning appealed the trial court's order dismissing his complaint, which rendered the trial court's order an adjudication upon the merits. By electing that course, Browning waived his right to amend his complaint and cannot now claim that the trial court erred in dismissing his complaint with prejudice.

■ While we have endeavored to consider Browning's argument on its merits, we note that the extent of Browning's appellate argument on this issue is that, "modern pleading standards indicate that the dismissal should be conditioned on a failure to cure the defect within a reasonable period of time." Appellant's Brief at 16–17. He then refers us to one page in a treatise on federal practice and procedure. *See* 7C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1827, at 58 (1986). Browning provides no other citation to authority and no further argument or explanation. Appellate Rule 8.3(A)(7) governs the contents of the appellant's brief and provides, in pertinent part:

"The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review."

Failure to present cogent argument and citation of authority in support of an issue raised on appeal may result in waiver of that issue. *Corn v. City of Oakland City* (1981), Ind.App., 415 N.E.2d 129, 134.

---

**2.** Trial Rule 12(B) provides, in pertinent part: "When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule."

Without more from Browning, we cannot discern any error in the court's order dismissing Counts I and II of the complaint with prejudice. Because we have determined that Counts I and II failed for lack of proper verification, we need not address other alleged deficiencies in the pleading requirements for a shareholder's derivative action under Trial Rule 23.1.

### Issue Two: Statute of Limitations for Treble Damages

In Count III of the complaint, Browning alleges a personal action against Walters for his own pecuniary loss and treble damages, costs and attorney's fees pursuant to Indiana Code § 34-4-30-1. Browning contends that because his claim in Count III is based upon fraud, the six-year limitation on actions seeking relief against frauds under Indiana Code § 34-1-2-1 applies to his claim rather than the two-year limitation which governs the forfeiture of a penalty given by statute. *See* IND.CODE § 34-1-2-2(1). Therefore, Browning alleges that the trial court erred by applying the two-year statute of limitations and dismissing Count III. We cannot agree.

██ The applicable statute of limitations for an action under Indiana's treble damages statute, Indiana Code § 34-4-30-1, is a question of first impression for our courts. That statute provides in pertinent part:

> "If a person suffers pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
> (1) An amount not to exceed three (3) times the person's actual damages.
> (2) The costs of the action.
> (3) A reasonable attorney's fee."

IND.CODE § 34-4-30-1. To maintain an action pursuant to Indiana Code § 34-4-30-1, a party must prove by a preponderance of the evidence that the defendant committed one of the predicate criminal offenses enumerated in Indiana Code §§ 35-43, 35-42-3-3, 35-42-3-4 or 35-45-9, which caused the victim to suffer a pecuni-

ary loss. *White v. Indiana Realty Associates II* (1990), Ind., 555 N.E.2d 454, 456.

██ While the statute contains both remedial and punitive elements, we have characterized Indiana Code § 34-4-30-1 as largely a penal measure. *Johnson v. Naugle* (1990), Ind.App., 557 N.E.2d 1339, 1344. Damages are characterized as penal rather than compensatory if they are "disproportionate to the loss actually suffered." *Reynolds v. Milford* (1978), 176 Ind.App. 336, 339, 375 N.E.2d 265, 268 (quoting *Skendzel v. Marshall* (1973), 261 Ind. 226, 232, 301 N.E.2d 641, 645, *cert. denied,* 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476). The treble damages statute is penal in nature because it authorizes an award of damages greater than those actually incurred. *Estate of Kuba v. Ristow Trucking Co.* (1987), Ind., 508 N.E.2d 1, 2.

██ While Indiana Code § 34-4-30-1 is essentially punitive, not all provisions of the statute mandate a penalty. In 1984, the legislature amended subsection (1) of the statute and substituted "not to exceed" for "equal to" three times the person's actual damages. 1984 Ind.Acts 172, Sec. 1. Prior to that amendment, the "equal to" language required the trial court to treble any actual damages proven by the party claiming relief under Indiana Code § 34-4-30-1. *E.g., McMahon Food Co. v. Call* (1980), Ind.App., 406 N.E.2d 1206, 1208. Since the amendment, we have interpreted "not to exceed three (3) times the person's actual damages" as discretionary; the decision to award damages above the actual damages incurred is committed to the sound discretion of the trial court. *Burgett v. Haynes* (1991), Ind.App., 572 N.E.2d 1296, 1298.

██ However, the remaining provisions of Indiana Code § 34-4-30-1 are not discretionary. For example, if a claimant prevails under the treble damages statute and proves his actual damages, when attorney's fees have been incurred, an award of reasonable attorney's fees is mandatory. *Burgett,* 572 N.E.2d at 1298. Likewise, once a claimant proves his actual damages, an award for recovery of court costs, travel

expenses, and all other reasonable costs of collection is required. *See* IND.CODE § 34-4-30-1(4)-(7).

We conclude that the substance of a claim under Indiana Code § 34-4-30-1 is punitive rather than compensatory and that the statute provides for the forfeiture of a statutory penalty within the meaning of Indiana Code § 34-1-2-2(1). Thus, the two-year statute of limitations applies to Browning's claim. While the trial court is entrusted with the discretion to enhance a claimant's actual damages, Indiana Code § 34-4-30-1 authorizes the trial court to treble the actual damages and to impose a statutory penalty. Indeed, the mandatory award of attorney's fees provided in the treble damages statute is in derogation of the common law American rule that each party to litigation must pay his own attorney's fees. *See Burgett,* 572 N.E.2d at 1298; *Greensberg Local No. 761 v. Robbins* (1990), Ind.App., 549 N.E.2d 79, 80, *trans. denied.*

 Browning maintains that the applicable statute of limitations is determined by the nature of the harm alleged

and suggests that the trial court should apply the statute of limitations for the predicate criminal offense supporting a claim under Indiana Code § 34-4-30-1.[3] That approach would prove very difficult for trial courts to administer. Each of the predicate criminal offenses listed in Indiana Code § 34-4-30-1 is governed by its own statute of limitations which depends upon its classification as a misdemeanor or felony.[4] *See* IND.CODE § 35-41-4-2. If the statute of limitations for the predicate criminal offense controlled, the trial court would have to determine, at the outset, which criminal offense the claimant relies upon to support his treble damages claim in order to apply the appropriate statute of limitations. That determination becomes more problematic if, on the face of the complaint, the trial court discerns more than one possible predicate criminal offense for recovery under Indiana Code § 34-4-30-1.[5]

 It is the substance of the claim which determines the applicable statute of limitations. *See Shideler v. Dwyer* (1981), 275 Ind. 270, 276, 417 N.E.2d 281, 285. Courts consistently employ substantive

---

**3.** Accordingly, Browning's assertion that the six-year limitation period for fraud applies to his claim is misplaced. Indiana Code § 34-1-2-1 applies to actions for common law fraud. In contrast, the fraud in Indiana Code § 35-43 which provides the basis for a treble damages award is criminal fraud governed by a five-year statute of limitations. *See* IND.CODE § 35-43-5-4 and IND.CODE § 35-41-4-2(a). Common law fraud is not a basis for recovery pursuant to Indiana Code § 34-4-30-1.

**4.** There are presently approximately thirty predicate offenses which may support a civil award of treble damages, attorney's fees and other costs under Indiana Code § 34-4-30-1. Thirteen are felony offenses, eight are misdemeanor offenses, three are infractions, and six offenses are misdemeanors which may be enhanced to felony offenses upon proof of certain aggravating factors.

**5.** Two statutes of limitations could conceivably apply to a treble damages claim. For instance, theft and conversion are two of the predicate offenses for Indiana Code § 34-4-30-1, and there is a five-year limitation period for theft and a two-year limitation period for conversion. The only distinction between those two offenses is in their respective mens rea requirements. In the context of ruling on a Trial Rule 12(B)(6)

motion, the court would essentially have to decide in the early stages of the litigation whether the defendant/offender had exhibited the requisite intent for theft to invoke the five-year limitation. If not, then the two-year limitation for conversion would apply. The different statutes of limitations for these two predicate offenses illustrate the analytical dilemma which would face a trial court if it were asked to determine which statute of limitations applies to a treble damages count alleging alternative theories of recovery.

A similar dilemma would confront a trial court when applying the proper statute of limitations to those predicate offenses which may be enhanced from a misdemeanor to a felony. *See* note 4, *supra.* Those offenses require a determination of whether certain aggravating factors are present. *See, e.g.,* IND.CODE § 35-43-1-2 (proof of at least $2,500.00 in pecuniary loss to certain property required to enhance criminal mischief from misdemeanor to felony offense). Generally, a two-year statute of limitations applies to misdemeanors, while a five-year statute of limitations applies to felonies. IND.CODE § 35-41-4-2. Thus, the trial court would have to determine at the outset whether those circumstances exist before applying either the misdemeanor or felony statute of limitations.

analysis to resolve statute of limitations questions. *Id.* at 278, 417 N.E.2d at 286. However, the nature and substance of an action under Indiana Code § 34-4-30-1 is apparent on the face of the complaint and further substantive analysis is not required. It is a civil action to recover a statutory penalty, not a criminal action. A criminal conviction is not a condition precedent to recovery under the statute. *See White*, 555 N.E.2d at 456. Indiana Code § 34-4-30-1 creates an independent civil action which affords monetary relief to crime victims, and the statute of limitations which applies to the predicate criminal offense is not implicated.

Thus, we hold that an action brought under Indiana Code § 34-4-30-1 must be commenced within two years after the cause of action accrues. The trial court properly dismissed Count III of Browning's complaint to the extent that it requested relief pursuant to the treble damages statute.[6]

### Issue Three: Common Law Causes of Action

As noted earlier, when we review the trial court's dismissal of a complaint pursuant to Trial Rule 12(B)(6), we must determine if the complaint stated any set of allegations, no matter how inartfully pleaded, upon which the trial court could have granted relief. *Furno*, 590 N.E.2d at 1139; *see Baker v. American States Insurance Co.* (1981), Ind.App., 428 N.E.2d 1342, 1345, *trans. denied.* We have held that Browning's statutory claim under Indiana Code § 34-4-30-1 is barred by the two-year statute of limitations. *See Issue Two.* We must next determine whether in Count III Browning states a common law cause of action, and if so, whether that action was barred by an applicable statute of limitations.

[19-22] To ascertain the applicable statute of limitations, we first identify the substance of the cause of action by inquiring into the nature of the alleged harm. *Whitehouse v. Quinn* (1985), Ind., 477 N.E.2d 270, 274. In Count III, Browning

purports to state a personal cause of action against Walters arising from Browning's inability to satisfy a judgment he obtained against Great Country in 1985. Browning owns a money judgment against Great Country, and a judgment is personal property. *See Wilson v. Brookshire* (1890), 126 Ind. 497, 506, 25 N.E. 131, 134. Personal property includes not only the property itself but all of the owner's rights and interests in that property. *Rush v. Leiter* (1971), 149 Ind.App. 274, 278, 271 N.E.2d 505, 507. Browning alleges, in effect, that Walters violated his rights and interest in the judgment. However, even if Browning's claim against Walters in Count III could be construed to state a claim for violation of Browning's property interest in the judgment, that claim would be barred by the two-year statute of limitations for injuries to personal property. *See* IND. CODE § 34-1-2-2(1).

 Browning argues that his complaint states three different common law causes of action. He first contends that his complaint states a cause of action for common law fraud, subject to the six-year limitation period under Indiana Code § 34-1-2-1. To sustain an action for common law fraud, a party must prove five essential elements: a material misrepresentation of past or existing facts, the falsity of the representation, the representation was made with knowledge or reckless ignorance of its falsity, and detrimental reliance on the representations. *Medtech Corp. v. Indiana Insurance Co.* (1990), Ind.App., 555 N.E.2d 844, 847, *trans. denied.* Our Trial Rules also require that a party specifically aver the circumstances constituting fraud. Ind.Trial Rule 9(B). Browning's complaint does not specifically allege what, if any, representations Walters made which Browning relied upon to his detriment. The allegations contained in Count III are insufficient to support a cause of action for common law fraud.

 We also conclude that Browning has failed to state a cause of action for a fraudulent conveyance. Only a creditor may bring an action to set aside a fraudu-

---

**6.** Of course, a party may also plead a common law action in tort or contract against the alleged criminal offender to recover actual damages.

In that instance, the substance of the party's claim still controls which statute of limitation applies. *See Issue Three.*

lent conveyance. Browning became a creditor of Great Country in 1985, not a creditor of Walters. Count III is an action against Walters individually, and Browning has not shown on the face of the complaint that he is Walters' creditor. Browning's fraudulent conveyance claim must fail.

■ Finally, Browning argues that his complaint states a claim in quasi-contract against Walters. A quasi-contract is a legal fiction founded in equity which arises when one party is wrongfully enriched at the expense of another. *City of Indianapolis v. Twin Lakes Enterprises, Inc.* (1991), 568 N.E.2d 1073, 1078, *trans. denied; Indianapolis Raceway Park, Inc. v. Curtiss* (1979), 179 Ind.App. 557, 560, 386 N.E.2d 724, 726, *trans. denied.* Again, no allegations on the face of Browning's complaint suggest that Browning has asserted the requisite grounds for imposition of a contract in the interests of justice and equity. Browning has not stated a cause of action in quasi-contract.

We conclude that Count III of Browning's complaint fails to state a common law claim upon which relief can be granted, and the trial court properly dismissed Count III.

### CONCLUSION

Browning failed to comply with Trial Rule 23.1 and the trial court properly dismissed Counts I and II of the complaint with prejudice. Browning failed to amend his complaint or to seek leave of court to amend his complaint but instead elected to stand on his complaint and appeal, which rendered the order of dismissal an adjudication on the merits. Browning's treble damages claim under Indiana Code § 34–4–30–1 in Count III is barred by the two-year statute of limitations. On its face, Count III of the complaint also fails to state a common law cause of action.

The judgment is affirmed.

SHARPNACK, C.J., and BAKER, J., concur.