The CITIZENS NATIONAL BANK OF EVANSVILLE, Appellant–Defendant,

v.

Jim JOHNSON, Appellee–Plaintiff.

No. 82A04–9310–CV–384.

Court of Appeals of Indiana, Fourth District.

July 11, 1994.

2. *See* IC 33–5–35.1–8(f)

Douglas W. Patterson, Bamberger Foreman Oswald & Hahn, Evansville, for appellant.

John D. Clouse, John P. Brinson, Evansville, for appellee.

CHEZEM, Judge.

## Case Summary

Appellant-defendant Citizens National Bank of Evansville ("Citizens") appeals the trial court's judgment in favor of Jim Johnson ("Johnson") regarding Johnson's replevin action. Johnson cross appeals regarding the damages awarded. We affirm.

## Issues

Citizens presents three issues, which we consolidate and restate as:

1. Whether Citizens was estopped from enforcing the original loan agreement after it accepted modifications; and,

2. Whether Johnson was entitled to recover attorney's fees under Indiana Code § 34–4–30–1.

Johnson raises one issue on cross appeal:

3. Whether the trial court abused its discretion by not awarding damages above the amount of actual damages.

## Facts and Procedural History

The facts most favorable to the judgment are that Johnson and his son James M. Johnson ("Mike") owned and operated Jim Johnson Construction Company Incorporated ("company"). The company bought two identical 1988 Chevrolet trucks from Cooke Chevrolet in October of 1988. Citizens financed this purchase with two separate loans, each secured by one truck. Neither of the original loan contracts, nor the loan payment coupon books mentioned a specific loan account number.

In late 1989 or early 1990, financial and personnel difficulties caused the company to go out of business. The company sold its assets through a sale supervised by the Vanderburgh Superior Court in March of 1990, with the proceeds going to the company's creditors. Citizens was not listed as a creditor, nor were the trucks listed as assets. Johnson and his son, Mike, spoke with Larry Kruse ("Kruse"), a collections officer for Citizens, to ask permission for each of them to retain and assume the loan for one of the trucks. Kruse agreed. Further, Kruse discouraged them from changing the titles so that they would be individually listed as owners.

Mike took one truck (identified as 1191) and one coupon book (for account number 886) and moved to Indianapolis. Johnson retained the remaining truck (identified as 1401) and coupon book (for account number 878). Therefore, both Johnson and Mike were mistakenly making payments on loans secured by the truck the other one had in his possession. Johnson believed that he was making payments for the truck in his possession. Citizens knew that Johnson intended to pay the loan for the truck he had.

In September of 1992, Mike's truck needed repairs. However, Mike was unable to obtain financing for the repairs, so he advised Citizens that they should repossess the truck. However, Amy Garrett ("Garrett"), who had taken over for Kruse at Citizens, told Mike that the trucks were a "package deal" and she issued repossession orders for both trucks. Garrett knew that Kruse had authorized the possession of the trucks by Johnson and Mike individually. Despite the fact that Johnson had made all of the payments then due, the truck he had was repossessed on September 29, 1992. The trial court entered a judgment against Citizens in the sum of $2,898.34 and ordered Citizens to pay Johnson's attorney's fees.

## Discussion and Decision

■ The trial court entered extensive findings of facts and conclusions of law with its judgment. When reviewing a civil judgment accompanied by specific factual findings and conclusions of law, we must determine whether the facts support the findings and then, whether the findings support the judgment. *Williams v. Rogier* (1993), Ind.App.,

611 N.E.2d 189, 194, *trans. denied.* We will not reverse the trial court unless the findings and judgment are clearly erroneous. *Id.* at 197; Ind.Trial Rule 52(a). When deciding whether the findings are clearly erroneous, we will consider only the evidence which supports the judgment, and we will affirm the judgment unless the record is devoid of facts or inferences supporting the trial court's findings. *Williams,* 611 N.E.2d at 192–93.

Citizens does not allege that any of the judge's findings of fact were erroneous. Therefore, it has waived all arguments on the issue, and we will only address the question of whether the findings support the judgment. Specifically, Citizens maintains that Johnson is not a proper party to the action because he did not hold title to the truck. We find this argument meritless.

■ Indiana Code § 34–1–9.1–1 states that a person who owns or claims a possessory interest in property may properly bring a replevin action. The trial court concluded that Johnson's claim that he had a right to possess and use the truck was superior to all other's, including Citizens. This conclusion was supported by several findings, including: Kruse agreed that Johnson and Mike would each retain a truck and pay the loans individually; Johnson retained a coupon book and made loan payments; and, Johnson believed he was paying the loan for the truck in his possession and Citizens was aware of this belief.

■ Citizens also argues that Johnson can not bring an action for replevin because the company failed to list Citizens as a creditor, and the trucks as assets, for the court supervised sale. However, we hold that Citizens is estopped from now arguing against the validity of the situation, because Citizens, through its agent Kruse, agreed to the arrangement initially and continued accepting loan payments through September of 1992. *See Herald Telephone v. Fatouros* (1982), Ind.App., 431 N.E.2d 171, 175.

The trial judge concluded that the parties agreed to a modification of the original contract which substituted Johnson as the obli-

gor, instead of the company and substituted the truck in Johnson's possession as security for the loan contract. The trial court further concluded that the contract was supported by adequate consideration, in that Johnson promised to pay the debt owed by the company. We find the trial court's conclusions to be accurate statements of the law. *A & S Corp. v. Midwest Commerce Banking Co.* (1988), Ind.App., 525 N.E.2d 1290 (consideration for an oral agreement modifying a written instrument requires benefit accruing to the promisor or detriment to the promisee). The trial court's findings support the conclusion that Johnson had a right to possess the truck, making him a proper party to bring an action in replevin.

■ Citizens also contends that the repossessions were justified because both loans were in default at the time they were repossessed. We find this argument to be without basis in fact.

As previously stated, Citizens can not now argue against the situation to which it consented. Further, because Citizens agreed to let the loans be paid individually and it knew that Johnson believed he was paying the loan secured by the truck in his possession, it can not now argue that the loan was in default. The court found that as of the date of repossession, Johnson had made all forty-seven payments then due.[1] Therefore, Citizens' argument that Johnson's loan was in default is not supported by the evidence in the record.

Next, Citizens argues that Johnson was not entitled to recover attorney's fees under Indiana Code § 34–4–30–1 because the trial court did not find that Citizens had knowingly and intentionally exerted unauthorized control over the truck. We disagree.

■ Indiana Code § 34–4–30–1 provides, in pertinent part:

If a person suffers a pecuniary loss as a result of I.C. 35–43, I.C. 35–42–3–3, or I.C. 35–42–3–4, or IC 35–45–9 the person may bring a civil action against the person who caused the loss for the following: (1) An amount not to exceed three (3) times the

---

1. As Mike is not a party to this action, we will    not address the status of his loan.

person's actual damages. (2) The costs of the action. (3) A reasonable attorney's fee. In order for Johnson to recover attorney's fees, he must have shown by a preponderance of the evidence that Citizens knowingly or intentionally exerted unauthorized control over his property. *Obremski v. Henderson* (1986), Ind., 497 N.E.2d 909, *reh'g denied.* Several of the trial judge's findings of fact, taken together, amount to a finding that Citizens knowingly or intentionally exerted unauthorized control over the truck. The trial judge found that Johnson asked Citizens' agent, Kruse, if he could assume one of the company's truck loans, and that Citizens agreed to this arrangement. Additionally, the court found that Citizens knew that Johnson intended to pay the loan secured by the truck he possessed and that Johnson had made all payments due as of the date of repossession. The court also found that Citizens knew that Mike only told Citizens it could repossess the truck in his possession; moreover, Citizens knew that Mike did not have legal authority to consent to the repossession of the truck Johnson had because Citizens had agreed to accept Johnson and Mike as individual debtors. In sum, these findings show that Citizens knowingly and intentionally exerted unauthorized control over Johnson's truck. The trial court properly awarded Johnson's attorney's fees.

On cross appeal, Johnson maintains that the trial court improperly failed to award damages above the actual damages he incurred. Specifically, he argues that because the statute provides for the possibility of exemplary damages, some amount must be awarded if the plaintiff prevails. We do not agree.

The trial court awarded Johnson compensatory damages of $6,507, but offset this by the amount outstanding on the loan ($3,286.01) and late charges ($352.65), for a net award of $2,868.34, plus costs of $30. The trial court did not award anything above actual damages. The statute does not say that exemplary damages are mandatory. Moreover, we have previously held that the award of damages above actual damages under I.C. § 34-4-30-1 is within the discretion of the trial court. *Burgett v. Haynes* (1991),

Ind.App., 572 N.E.2d 1296, 1298. We hold that the trial judge has discretion over whether to award exemplary damages, as well as discretion over the amount of those damages. In the instant case, the trial court implicitly found that the nature of Citizens' conduct was not so heinous as to require exemplary damages. Such a determination was not an abuse of discretion.

Affirmed.

RILEY and FRIEDLANDER, JJ., concur.