ATTORNEY FOR APPELLANT
Shaun T. Olsen
OlsenCampbell Ltd.
Merrillville, Indiana

ATTORNEY FOR APPELLEE
Katherine A. Brown-Henry
Cline Farrell Christie & Lee, P.C.
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court



_____

No. 45S03-1407-CT-459

JOSEPH WYSOCKI AND M. CARMEN WYSOCKI,

*Appellants (Plaintiffs),*

v.

BARBARA A. JOHNSON AND WILLIAM T. JOHNSON, BOTH INDIVIDUALLY
AND AS TRUSTEES OF THE BARBARA A. JOHNSON LIVING TRUST
DATED 12-17-1996,

*Appellees (Defendants).*

_____

Appeal from the Lake Superior Court, No. 45D04-0805-CT-92
The Honorable Gerald N. Svetanoff, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 45A03-1309-CT-385

_____

**October 15, 2014**

**Rush, Chief Justice.**

Even when a plaintiff proves a predicate crime under the Crime Victims Relief Act (CVRA), the trial court has discretion not to award exemplary damages when it thinks the conduct is not egregious enough to warrant punishment. And when a plaintiff pleads several alternative grounds for relief, the trial court has similar discretion not to impose CVRA liability *at all*, even when it awards compensatory damages under a different theory. Accordingly, the trial court here acted within its discretion to compensate Plaintiffs for their common-law damages, while also refusing to award attorney fees or exemplary damages under the CVRA. We granted transfer to clarify that point and reiterate several principles about CVRA liability. We affirm the trial court, though for different reasons than the Court of Appeals.

**Background Facts and Procedural History**

This case comes before us again after our decision last year affirming in part and remanding for additional findings. Johnson v. Wysocki, 990 N.E.2d 456, 467 (Ind. 2013). Barbara A. and William T. Johnson bought a brand-new home in 1973, deeded it into a trust in 1996, and sold it to Joseph and M. Carmen Wysocki in 2006. The Johnsons had lived in the home continuously throughout their ownership, and William performed most of the renovation and maintenance work himself, including building a deck that was later enclosed into a screened porch, and running electrical wiring to an above-ground swimming pool. The Johnsons also hired a contractor to extend the roofline over the front porch.

When the Johnsons sold the home, Barbara as trustee signed a Seller's Residential Real Estate Sales Disclosure Form stating there were no building code violations, no work had been performed without any required permits, and there were no foundational, structural, moisture, water, or roof problems. The Wysockis made a purchase offer contingent on an independent inspection, and their inspection revealed no problems, so they accepted the property as-is and closed on their purchase in July 2006.

But shortly after moving in, the Wysockis discovered water leaks in the garage and over the front porch, structural problems with the front porch overhang and the foundation of the screened porch, and grossly substandard electrical wiring to the swimming pool. They spent $1,200 to bring the pool wiring up to code and about $3,500 to fix the roof; and they obtained estimates of about $2,800 and $6,300 to fix the porches' structural problems. They sued the Johnsons for fraudulently failing to disclose those defects on the disclosure form. (Another count was resolved on summary judgment and is not at issue here.) After a bench trial, the trial court awarded $13,805.95 in compensatory damages, but not attorney fees, costs, or exemplary damages under the CVRA:

> 12. This Court finds that the damages that should be allocated to those repairs are as follows:
>
> (a) $1,200 . . . for the cost to repair electrical service lines below the screened-in-deck [sic] and to run a dedicated circuit to the pool;
>
> (b) $3,494.74 . . . for repairs to the roofing of the front porch; and
>
> (c) The costs as indicated by an estimate the Wysockis obtained . . . to repair the front beam in the amount of $2,786.67, and to repair the rear screened-in room support beams in the amount of $6,324.54.

2

* * *

14. With regard to the Wysockis' request that the defendant should be liable to them for payment to [their expert witness], as well as for attorney's fees and additional damages pursuant to I.C. 34-24-3-1 [the CVRA], this Court concludes that the same should be denied.

15. The Wysockis have incurred damages in the amount of $13,805.95.

Its order specifically relied on common-law fraudulent misrepresentation, quoting Vanderwier v. Baker's statement that "sellers can be held liable for errors, inaccuracies, or omissions on the Sales Disclosure Form if the seller has actual knowledge of the defect." 937 N.E.2d 396, 400–01 (Ind. Ct. App. 2010).

The Wysockis moved to correct error, arguing that the court was required to make some award for fees and costs because they had established the CVRA predicate crime of deception, Ind. Code § 34-24-3-1 (2008). They sought $1,000 in expert witness fees and $12,500 in attorney fees, but the trial court denied the motion, stating in relevant part:

7. Although the original award referenced specific items for which recovery should be given, it was the intent of the Court that the amounts for each of such items would include any and all expenses in receiving a judgment for them.

8. Accordingly, the Court concludes that the plaintiffs have received the full measure of relief to which they are entitled, and their Motion to Correct Errors should be denied.

The Johnsons appealed the judgment, and the Wysockis cross-appealed the denial of fees and costs. The Court of Appeals reversed in a memorandum decision, finding that the Wysockis had failed to show the Johnsons had actual knowledge of the defects.

On transfer, we agreed with the trial court that "seller[s] may be liable for [a] fraudulent mis-representation[] made on the [Sales] Disclosure Form" when they have "actual knowledge that the representation was false" at the time they completed the form. Johnson, 990 N.E.2d at 466. But the trial court's finding that the defects here had "existed for some time and *should have been obvious* to the Johnsons" fell short of establishing whether the Johnsons had *actual* knowledge of the defects, so we remanded for new findings on that issue, without reaching the CVRA question in the Wysockis' cross-appeal. Id. at 466–67 & n.5.

On remand, the trial court specifically found that the defects were "clearly" within the Johnsons' actual knowledge, but otherwise reaffirmed its judgment—including its denial of fees and costs to the Wysockis. The Wysockis again appealed, and the Court of Appeals affirmed. Wysocki v. Johnson, 4 N.E.3d 1218 (Ind. Ct. App. 2014). It held that while the Wysockis could properly recover compensatory damages, they were not entitled to any additional award under the CVRA because (1) they had only established common-law fraud, the elements of which differ from the statutory elements of criminal fraud; (2) criminal fraud requires proof beyond reasonable doubt; and (3) "the Johnsons were not charged with [a] crime . . ., much less convicted of it in a court of law" and "[i]n the absence of such a conviction, the CVRA does not apply." Id. at 1222–23.

We disagreed with the Court of Appeals' interpretation of the CVRA and granted transfer to reiterate and clarify several principles of CVRA liability. But like the Court of Appeals, we affirm the trial court.

### Standard of Review

Before trial, the Johnsons filed, and the Wysockis joined, a motion for findings of fact and conclusions of law under Indiana Trial Rule 52(A). We therefore apply a two-tiered review, and affirm when the evidence supports the findings, and when the findings support the judgment. Marion Cnty. Auditor v. Sawmill Creek, LLC, 964 N.E.2d 213, 216 (Ind. 2012) (citing Stonger v. Sorrell, 776 N.E.2d 353, 358 (Ind. 2002)). We "shall not set aside the findings or judgment unless [they are] clearly erroneous," and we must give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." T.R. 52(A). Findings of fact are clearly erroneous only when they have no factual support in the record, Woodruff v. Ind. Family & Soc. Servs. Admin., 964 N.E.2d 784, 790 (Ind. 2012), cert. denied, 133 S. Ct. 233 (U.S. 2012); and a "judgment is clearly erroneous if it applies the wrong legal standard to properly found facts," id. (internal quotation marks omitted).

### Discussion and Decision

**I. Given a Choice Between Several Alternative Remedies, the Trial Court Had Discretion to Decline CVRA Relief—Disclosure Statute Violations Do Not Necessarily Warrant Quasi-Criminal Punishment.**

On transfer, the Wysockis ask this Court to adopt a bright-line rule that every knowing misrepresentation on a Sales Disclosure Form constitutes criminal deception, and thus gives rise to

4

CVRA liability. And because an award of costs and reasonable attorney fees is mandatory when liability is imposed under the CVRA, Browning v. Walters, 616 N.E.2d 1040, 1045–46 (Ind. Ct. App. 1993), adhered to on reh'g, 620 N.E.2d 28 (Ind. Ct. App. 1993), the Wysockis reason that the trial court lacked discretion to deny their request for those additional damages. But here, the trial court expressly relied on common-law fraudulent misrepresentation, and specifically refused to grant CVRA relief. That decision was well within the trial court's discretion—though we disagree with the Court of Appeals' reasons for that conclusion—and we decline the Wysockis' proposal to eliminate that discretion in favor of a bright-line rule.

The Court of Appeals concluded that the Wysockis had failed to prove criminal deception, because the elements of that offense are not the same as the elements of common-law fraud. Wysocki, 4 N.E.3d at 1222–23. But as our decision last year in this case established, the elements of such a claim when based on a Sales Disclosure Form distill down to (i) a false representation of past or existing facts on the Form, (ii) made with actual knowledge of its falsity, (iii) which proximately caused the complaining party injury. Johnson, 990 N.E.2d at 460–61, 465–66 (holding that statutory disclosure scheme establishes "what would otherwise be the materiality and reasonable reliance elements in an ordinary common law suit for fraudulent misrepresentation," but requires actual knowledge of falsity). In this context, the elements of criminal deception overlap significantly: "knowingly or intentionally mak[ing] a false or misleading written statement with intent to obtain property." I.C. § 35-43-5-3(a)(2).

Here, the trial court's amended findings that the statements on the written Disclosure Form were false, and that the Johnsons had actual knowledge of their falsity, appear to support the first two elements of the crime: "knowingly or intentionally mak[ing] a false . . . written statement." Id. And as we held in Johnson, the Disclosure Form "is a list of features that are most significant and therefore most *material* for the average buyer," 990 N.E.2d at 465—so a seller's representations on that form are necessarily intended to "obtain property," specifically the buyers' purchase money, by encouraging the sale to proceed to closing. We therefore disagree with the Court of Appeals that the different elements are dispositive, because these findings would have been sufficient to support a CVRA award—if the court's judgment had actually included such an award.

But it did not. To the contrary, the court's original order expressly premised its judgment on common-law fraud, and it just as expressly *refused* to award any additional damages under the CVRA. Then it reiterated its refusal in denying the motion to correct errors, and yet again on remand.

And in these circumstances, it was well within its discretion to impose common-law liability for fraud as an intentional tort, while declining to impose quasi-criminal CVRA liability.

Even when a court awards compensatory damages under the CVRA, we have recognized that "it is highly appropriate for the trial court to weigh any equities before deciding the amount, if any, owed" as exemplary damages, White v. Ind. Realty Assocs. II, 555 N.E.2d 454, 458 (Ind. 1990). That is, trial courts have wide discretion not to award any damages in excess of the actual loss. E.g., Schrenger v. Caesars Ind., 825 N.E.2d 879, 884 (Ind. Ct. App. 2005), trans. denied; Ballard v. Harman, 737 N.E.2d 411, 418 n.5 (Ind. Ct. App. 2000); Burgett v. Haynes, 572 N.E.2d 1296, 1298 (Ind. Ct. App. 1991). Refusing to do so amounts to an "implicit[] f[i]nd[ing] that the . . . conduct was not so heinous as to require exemplary damages"—even when the court awards attorney fees as the statute requires. Citizens Nat. Bank of Evansville v. Johnson, 637 N.E.2d 191, 195 (Ind. Ct. App. 1994). And if a trial court has discretion to decide whether conduct is "heinous" enough to warrant punishment under the CVRA, it surely has similar discretion not to invoke the CVRA *at all* when plaintiffs plead multiple alternative theories for recovery.

In our view, the trial court's judgment reflects precisely that choice. The Wysockis' open-ended complaint encompassed multiple alternative theories of liability. The relevant count of their complaint was simply captioned "Fraud"; they pleaded all the elements of common-law fraudulent misrepresentation; and their prayer for relief was expressly "not . . . limited to" the CVRA:

> Wherefore, the Wysockis, by counsel, respectfully request that this honorable Court . . . afford them complete relief which would *include but not be limited to* an amount reasonably calculated to compensate the Wysockis for their damages, *treble damages allowed under the [CVRA]*, reasonable attorneys and expert fees, costs of this action, pre-judgment and post-judgment interest, and for any and all other relief that this honorable Court finds just and proper.

(emphases added). Though the CVRA creates a civil remedy, its reliance on proof of a predicate criminal offense makes it inherently quasi-criminal. So just as the "heinousness" of the defendant's conduct may properly factor into the factfinder's decision whether to award exemplary damages under the CVRA, the court's inchoate sense of the defendants' criminal culpability is a permissible factor in assessing whether the CVRA predicate offense has been proven. Accordingly, when the pleadings give the trial court a choice between an intentional tort and the quasi-criminal CVRA,

6

the court necessarily has discretion to choose tort liability and reject quasi-criminal liability—even when, as here, the criminal offense and civil tort are so closely related.

Our conclusion does not undermine the mandatory nature of awarding costs and attorney fees under the CVRA. Browning, 616 N.E.2d at 1045–46; Burgett, 572 N.E.2d at 1298. If the Wysockis had relied exclusively on the CVRA for recovery, refusing to award costs and reasonable attorney fees would have been clearly erroneous—*if* the trial court had ruled in their favor. But as this case illustrates, a trial court may find compensatory damages to be warranted, yet be reluctant to find a defendant's conduct "heinous" enough to punish under the CVRA. In such a case, forcing the court to choose between those considerations, without pleading an alternative middle ground as here, might tip the scale towards including fees and costs as part of compensation—or just as readily tip it towards a defense verdict that leaves the claimants empty-handed.

We therefore reject the Wysockis' invitation to adopt a bright-line rule imposing CVRA liability in all cases involving a knowing misrepresentation on a Sales Disclosure Form—at least where the claimants plead other grounds for liability in the alternative. Plaintiffs are free to choose, by their pleadings, to place all their eggs in the CVRA basket and take their chances on the fact-finder's assessment of criminality in exchange for the assurance of recovering costs and attorney fees if they prevail. But they are also free, as here, to plead other remedies in the alternative to the CVRA to hedge against being shut-out from compensatory damages if the trial court is reluctant to impose quasi-criminal liability. In those circumstances, the trial court has discretion over which remedies to award. Accordingly, the trial court was within its discretion to award compensatory damages for common-law fraudulent misrepresentation, while declining relief under the Wysockis' alternative CVRA theory.

## II. A CVRA Claim Requires Proving the Elements of a Criminal Offense, But Only by the Civil Preponderance Standard; and It Does Not Depend on Whether the Defendant Has Been Charged with or Convicted of any Criminal Offense.

The Court of Appeals also stated that the CVRA could not apply because the underlying offense of criminal deception, "as with all crimes, [requires] the State . . . to prove its case beyond a reasonable doubt," and "because the Johnsons were not charged with [fraud] . . . , much less convicted of it in a court of law." Wysocki, 4 N.E.3d at 1223. But as we recently reiterated, "An actual criminal conviction is not required for recovery [under the CVRA]; a claimant merely must prove

each element of the underlying crime by a preponderance of the evidence." <u>Kesling v. Hubler Nissan, Inc.</u>, 997 N.E.2d 327, 334 (Ind. 2013) (internal citation and quotation marks omitted). <u>See also</u> <u>Klinker v. First Merchs. Bank, N.A.</u>, 964 N.E.2d 190, 193 (Ind. 2012) (same); <u>White</u>, 555 N.E.2d at 456 (construing predecessor statute and concluding that "[u]nder this unique statute, a criminal conviction is not a condition precedent to recovery. The claimant need only prove by a preponderance of the evidence that the criminal act was committed by the defendant." (internal citation omitted)); <u>Obremski v. Henderson</u>, 497 N.E.2d 909, 911 (Ind. 1986) (construing predecessor statute and concluding that "[t]he appropriate standard is preponderance of the evidence."). And just as no *conviction* is required, nothing in the statute suggests that a criminal *charge* is necessary, either. Though we agree with the Court of Appeals that denial of relief under the CVRA should be affirmed, we reiterate that CVRA liability is civil, not criminal, and does not require criminal charges or proof beyond reasonable doubt.

## Conclusion

A knowing misrepresentation on a Sales Disclosure Form is an intentional tort. But not every intentional tort is necessarily "so heinous as to require exemplary damages," <u>Citizens Nat. Bank</u>, 637 N.E.2d at 195, or as to warrant quasi-criminal CVRA liability at all. In other words, not every intentional tortfeasor is a criminal. CVRA liability does not depend on whether the tortfeasor has been charged with or convicted of the CVRA predicate offense, nor even solely on the elements of the CVRA predicate offense. Instead, liability is also a matter of the factfinder's discretionary judgment of whether the defendant is *criminally* culpable. When a court does impose CVRA liability, an award of costs and reasonable attorney fees is mandatory by the terms of the statute, even though additional exemplary damages remain discretionary. But when given a choice, the court need not impose CVRA liability when it believes ordinary tort liability will do. The trial court acted well within its discretion to make that judgment in this case, and we affirm its judgment.

Dickson, Rucker, David, and Massa, JJ., concur.