## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 28 2020, 10:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEY FOR APPELLEE

Bill Green
Crawfordsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Brown and
Mark S. Smith,

*Appellants,*

v.

Danny Webb,

*Appellee*

December 28, 2020

Court of Appeals Case No.
20A-PL-846

Appeal from the Montgomery
Circuit Court

The Honorable Harry A. Siamas,
Judge

Trial Court Cause No.
54C01-1609-PL-681

**Weissmann, Judge.**

[1] Danny Webb's son sold Anthony Brown a Chevrolet Camaro for $16,000, but Brown never retitled the vehicle. When police later impounded the Camaro, Webb paid the impound fees of $1,745 and returned the vehicle to his son to resell.

[2] Brown appeals the trial court's entry of judgment against him on his claim that Webb intentionally exerted unauthorized control of the Camaro. Finding evidence to support the trial court's conclusion that Webb simply made a mistake, we affirm.

[3] We also affirm the trial court's entry of judgment against Webb on his counterclaim for reimbursement of impound fees and repair costs. Finally, we affirm the denial of a claim by Brown's friend Mark Smith for personal property damages related to disposal of clothes he left in the Camaro.

## Facts

[4] In 2014, Brown purchased a Chevrolet Camaro from Webb's son for $16,000. Thereafter, for various reasons, Brown was unable to title and register the vehicle in Indiana. The Camaro therefore remained titled in Ohio in the names of Webb and his son.

[5] A year later, Brown's friend Mark Smith was caught driving the unregistered Camaro, and police impounded the vehicle with Lyon Wrecker Service ("Lyon"). Pursuant to Indiana Code § 9-22-6-2, Lyon sent Smith and Webb notice of a mechanic's lien, advising that they could redeem the Camaro by paying Lyon's impound fees or the vehicle would be sold at auction. In

response to the notice, Webb contacted Lyon's owner, Raymond Warren, and advised that Webb's son had sold the Camaro to Brown. Warren, however, assured Webb he still could redeem the vehicle because it remained titled in his name. Accordingly, Webb paid Lyon's impound fees of $1,745 and took possession of the vehicle in early March 2016.

[6] Webb promptly returned the Camaro to his son, who disposed of its contents. According to Smith, the Camaro contained "[p]robably about eight thousand dollars" worth of his personal property when the vehicle was impounded. Pl.'s Ex. 3, p. 14. The property primarily consisted of Smith's wardrobe, including 100 Harley-Davidson t-shirts and 30 Harley-Davidson button-up shirts, which Smith valued at $5,250 total. Smith did not provide values for any of his other personal property items.

[7] In late March 2016, the Camaro broke down, and Webb incurred over $2,000 in repair costs. Not long thereafter, Brown's attorney contacted Webb and demanded the Camaro's return. On March 28, 2016, Brown's attorney sent Webb's attorney a letter that stated, in pertinent part:

> We have been informed that Mr. Webb paid Lyon's Towing $1,745.00, for the tow and impound fee and took the vehicle to Ohio.

> Mr. Brown is willing to reimburse Mr. Webb for all fees and pay a reasonable amount for his time, and effort and for safeguarding the vehicle.

Def.'s Ex. C. The following week, Webb's attorney left a voicemail message with Brown's attorney, advising that "Webb had incurred other costs besides just the . . . towing fees and storage fees." Tr. pp. 62-63. The two attorneys had no further communication until the underlying lawsuit was filed.

[8] In Brown and Smith's complaint, Brown asserted a replevin claim for Webb's return of the Camaro. Brown and Smith also asserted conversion claims against Webb, seeking actual damages, punitive damages, and attorney's fees under Indiana Code § 34-24-3-1. Webb filed a counterclaim against Brown, seeking reimbursement of his Camaro-related expenses. Following a bench trial, the trial court entered judgment in favor of Brown on his replevin claim and ordered Webb to return the Camaro to Brown immediately. On every other claim, however, the trial court entered judgment against the complaining party.

## Standard of Review

[9] Where a trial court issues findings of fact and conclusions of law under Indiana Trial Rule 52(A), we affirm when both the evidence supports the findings and the findings support the judgment. *Wysocki v. Johnson*, 18 N.E.3d 600, 603 (Ind. 2014). We "shall not set aside the findings or judgment unless [they are] clearly erroneous," and we must give "due regard ... to the opportunity of the trial court to judge the credibility of the witnesses." T.R. 52(A). "Findings of fact are clearly erroneous only when they have no factual support in the record, and a judgment is clearly erroneous if it applies the wrong legal standard to properly

found facts." *Wysocki*, 18 N.E.3d at 603-04 (internal citations and quotations omitted).

# Discussion and Decision

## I. Brown's Conversion Claim

Brown challenges the trial court's conclusion that he failed to prove Webb had the requisite intent to commit criminal conversion under Indiana Code § 35-43-4-3. That statute provides: "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion. . . ." *Id.* To establish the intent element of the crime, "a plaintiff must show the defendant was aware of a high probability his control over the plaintiff's property was unauthorized." *JET Credit Union v. Loudermilk*, 879 N.E.2d 594, 597 (Ind. Ct. App. 2008).

The trial court concluded Webb was not aware of a high probability that his control over Brown's Camaro was unauthorized because "Webb was under the mistaken belief that he legally could obtain possession of the Camaro from Lyon . . . by paying the [impound] fees." J. ¶ 3. This conclusion is supported by the trial court's undisputed findings. Specifically, the trial court found that Lyon sent Webb written notice that he could take possession of the Camaro by paying the impound fees. The trial court also found that, after Webb disclosed to Warren that Webb's son had sold the Camaro to Brown, Warren assured Webb he still could redeem the vehicle by paying the impound fees because the title remained in Webb's name.

[12] Much of Brown's argument on appeal is that Webb lacked a good faith basis for withholding the Camaro until Brown reimbursed Webb for his expenses. However, in his letter to Webb's attorney, Brown's attorney stated Brown was willing to reimburse Webb for the impound fees—lending credence to Webb's demand for reimbursement. Yet Brown's attorney did not respond when Webb's attorney contacted him to discuss the matter further. On these facts, we do not find Webb's request for reimbursement to have been in bad faith.

[13] Ultimately, the trial court determined Webb was credible in his testimony that he believed his possession of the Camaro was authorized. As we defer to the trial court's findings on such issues, Brown's appeal is nothing more than a request for us to reweigh the evidence, which we cannot do. *See Auto Liquidation Ctr., Inc. v. Chaca*, 47 N.E.3d 650, 655 (Ind. Ct. App. 2015). Finding no clear error in the trial court's conclusion as to Webb's intent, we affirm the court's judgment in favor of Webb and against Brown on Brown's conversion claim.

## II. Smith's Conversion Claim

[14] Smith argues that the trial court erred in failing to award Smith both nominal and punitive damages on his claim that Webb converted Smith's shirts and the other personal property Smith allegedly left in the Camaro. But "a judgment will not be overturned for failure to award nominal damages," and "a party must establish actual damages in order to recover punitive damages." *Large v. Gregory*, 417 N.E.2d 1160, 1165 (Ind. Ct. App. 1981). Smith does not challenge the trial court's conclusion that he failed to prove actual damages. He therefore

has waived the issue. *See French v. State*, 778 N.E.2d 816, 826 (Ind. 2002) (holding appellant waived issue by not raising it in his appellant's brief).

[15] Waiver notwithstanding, the trial court's conclusion is not clearly erroneous. The only evidence Smith presented of his actual damages was Smith's testimony that he "probably" lost $8,000 worth of personal property, including more than $5,000 in used shirts. The trial court was within its discretion in finding this speculative and self-serving testimony "not credible." J. ¶ 4. *See* T.R. 52(A); *see also Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011) ("Appellate judges are not to reweigh the evidence nor reassess witness credibility."). Without actual damages, Smith's claim for punitive damages fails. *See Large*, 417 N.E.2d at 1165. We therefore affirm the trial court's judgment in favor of Webb and against Smith on Smith's conversion claim.

## III.  Webb's Reimbursement Claim

[16] Webb seemingly asserts a cross-appeal in his Appellee's Brief, stating he "should be allowed to recoup" the expenses he incurred in connection with the Camaro. Appellee's Br. 22. Webb goes on to generally cite—without explanation or analysis—*Kahle v. Crown Oil Co.*, 180 Ind. 131, 100 N.E. 681 (1913), and *Am. Sand & Gravel Co. v. Spencer*, 55 Ind. App. 523, 103 N.E. 426 (1913). To the extent Webb suggests this case law entitles him to relief, he

waived the issue by failing to develop a cogent argument.[1] *See* Ind. Appellate Rule 46(A)(8)(a) (The argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."). We therefore affirm the trial court's judgment against Webb on his claim for reimbursement.

The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.

---

[1] The cases concern the measure of damages when an innocent trespasser converts mineral substances from another's land, thereby increasing their value. *Kahle*, 100 N.E. at 687-88; *Am. Sand & Gravel Co.*, 103 N.E. at 428. We fail to see how this might apply to Webb's claim for reimbursement.