Nancy WHITE, Appellant
(Defendant Below),

v.

INDIANA REALTY ASSOCIATES, II,
d/b/a Willow Lake Gardens Apartments, Appellee (Plaintiff Below).

No. 49A02–8707–CV–00306.

Court of Appeals of Indiana,
Second District.

Nov. 23, 1988.

Dean S. Eveland, Fort Wayne, for appellant.

Carl L. Peters, Christopher C. Steel, Peters & Carter, Indianapolis, for appellee.

SULLIVAN, Judge.

Nancy White appeals the trial court's summary judgment in favor of Indiana Realty Associates II.

We affirm.

White, a tenant of Indiana Realty, failed to timely pay her rent in November of 1985. Indiana Realty filed a small claims action against White and was granted possession, damages, and costs on December 4, 1985. Five days later, White filed a Chapter 7 bankruptcy petition. On March 3, 1986, the bankruptcy trustee entered a report of "NO ASSETS/ABANDONMENT OF EXEMPT PROPERTY." The next day in the Small Claims Court, Indiana Realty filed a notice of claim, seeking three times the amount of one month's rent, possession of the property, attorney's fees, and costs. White did not abandon possession of the property until April 9, 1986. In September of 1986, the bankruptcy court dismissed the bankruptcy petition upon a voluntary motion filed by White. The summary judgment in favor of Indiana Realty was entered in April of 1987 granting possession, $1,333.84 damages, $107.70 interest, and $650.00 attorney's fees.

White presents two issues upon appeal. First, she asserts that the trial court lacked jurisdiction because an automatic stay in bankruptcy was in effect at the time of the judgment. We disagree.

■ According to the final judgment of the Marion County Small Claims Court entered prior to the filing of White's petition in bankruptcy, White was to relinquish possession of the apartment. Pursuant to 11 U.S.C. § 362 (1979 and Supp.1988), any act to obtain possession of property of the estate is stayed against the property of the estate upon the filing of the bankruptcy petition.[1] *In re Cohoes Industrial Terminal, Inc.* (1986) Bankr.S.D.N.Y., 70 B.R. 214, 218, states:

> "The term 'property of the estate' is defined and delineated in 11 U.S.C. § 541, which provides that the estate is comprised of '. . . ·all legal and equitable interests of the debtor in property as of the commencement of the case.' Thus, the automatic stay does not operate to enjoin actions respecting property in which the debtor no longer has an interest at the time of the filing of the petition."

A tenant must at least have an equitable interest in the property. *In Re Flexipak, Inc.* (1985) Bankr.S.D.N.Y., 49 B.R. 641. In the present case there was no leasehold interest which the automatic stay provision could protect at the time of the filing of the bankruptcy petition. *See In re Chuck Wagon Bar–B–Que, Inc.* (1980) Bankr. D.C., 7 B.R. 92. The leasehold interest had been terminated by the December 4, 1985 judgment. Possession alone is an insufficient basis for an equitable remedy for the tenant. *In re Cowboys, Inc.* (1982) Bankr. S.D.Fla., 24 B.R. 15. We cannot resurrect a lease terminated prior to the filing of a bankruptcy petition. As expressed in *In re Chuck Wagon Bar–B–Que, Inc., supra,* 7 B.R. at 95:

> "There clearly must come a point in time when the parties to a lease are entitled to legitimate expectation of finality in connection with their business dealings. . . . To permit a debtor to assert rights under an already expired lease by resort to the equitable provisions of the Bankruptcy Code would undermine confidence not only in the certitude of contracts, but in the judicial system itself."

■ White's second argument is that Indiana Realty should not have been awarded $650 in attorney's fees. Indiana Code 34–4–30–1 (Burns Code Ed.Supp.1988) provides in pertinent part:

> "If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may bring a civil action against the person who caused the loss for the following:

> \*    \*    \*    \*    \*    \*

> (3) A reasonable attorney's fee."

Indiana Realty claimed a pecuniary loss resulting from White's alleged conversion, I.C. 35–43–4–3 (Burns Code Ed.Repl.1985); criminal trespass, I.C. 35–43–2–2 (Burns Code Ed.Repl.1985); and deception, I.C. 35–43–5–3 (Burns Code Ed.Repl.1985). In order to recover attorney's fees, Indiana Realty need not show that White was criminally convicted. *See Campins v. Capels* (1984) 4th Dist. Ind.App., 461 N.E.2d 712, *trans. denied; Hyman v. Davies* (1983) 3d Dist. Ind.App., 453 N.E.2d 336. Instead, Indiana Realty must establish by a preponderance of the evidence that White committed a criminal act. *See Obremski v. Henderson* (1986) Ind., 497 N.E.2d 909; *Rakes v. Wright* (1986) 4th Dist. Ind.App., 498 N.E.2d 101, *reh. granted upon other grounds* 500 N.E.2d 234.

■ Criminal conversion occurs when a person "knowingly or intentionally exerts unauthorized control over property of another person." I.C. 35–43–4–3. Pursuant to I.C. 35–43–4–1(b) (Burns Code Ed. Repl. 1985), "a person's control over property of another person is 'unauthorized' if it is exerted: (1) Without the other person's consent. : . . ." The evidence shows that during 1985 White resided in Indiana Realty's apartment as a month-to-month tenant with no written lease agreement. White failed to pay rent yet refused to vacate the apartment upon Indiana Realty's demand and despite the December 4 judgment en-

---

1. A stay is effective upon the date of filing of the petition; formal notice is not required so long as the party in violation obtains knowledge of the order through some source. *In re Tom Powell & Son, Inc.* (1982) Bankr.W.D.Mo., 22 B.R. 657; *In re Eisenberg* (1980) Bankr.E.D.N.Y., 7 B.R. 683.

tered for Indiana Realty which required the delivery of possession of the property. The trial court was within its discretion when it concluded that the evidence established by a preponderance that White knew that she was residing in the apartment without Indiana Realty's consent. An award of reasonable attorney's fees was not an abuse of discretion.

The summary judgment is affirmed.

SHIELDS, P.J., and RATLIFF, C.J., concur.