Nancy WHITE, Appellant
(Defendant Below),

v.

INDIANA REALTY ASSOCIATES II,
Appellee (Plaintiff Below).

No. 49S02–9006–CV–380.

Supreme Court of Indiana.

June 4, 1990.

Dean S. Eveland, Fort Wayne, for appellant.

Carl L. Peters, Christopher C. Steel, Peters & Carter, Indianapolis, for appellee.

SHEPARD, Chief Justice.

The question is whether certain landlord-tenant disputes may be so extreme as to support a judgment for attorney fees under Ind.Code § 34–4–30–1 (West 1989 Supp.). That statute provides a civil cause of action for victims of criminal offenses against property. As a result of a tenant's violation of the criminal provisions of Ind.Code § 35–43 and the landlord's pecuniary loss, the trial court awarded reasonable attorney's fees to the landlord. We affirm.

## I. *History*

Appellant Nancy White had rented an apartment at Willow Lake Gardens in Marion County in 1979. In July 1985, appellee Indiana Realty Associates II bought the apartments. During 1985, White rented on a month-to-month basis without a written agreement. Her monthly rent of $330 was due on the first of the month.

In November 1985, White failed to pay her rent on time. On November 20, Indiana Realty filed an action in the Marion County Small Claims Court seeking possession and damages. On December 4, 1985,

the court granted Indiana Realty a judgment for possession and awarded damages of $885.00, interest, and costs. The court ordered White to transfer possession to Indiana Realty on December 7, 1985.

White did not move. Instead, on December 9, 1985, White filed a pro se Chapter 7 bankruptcy petition. On February 4, 1986, the U.S. Bankruptcy Court ordered a meeting of creditors and issued an automatic stay. On March 3, 1986, the bankruptcy trustee entered a report showing "no assets/abandonment of exempt property," which was approved by the bankruptcy court. On August 5, 1986, White moved to dismiss her Chapter 7 petition, and the bankruptcy court dismissed it on September 4, 1986.

After the bankruptcy trustee declared White's action a "no assets case," on March 24, 1986, Indiana Realty filed an amended complaint for damages and possession in the Marion County Municipal Court. The case had been venued by White from the small claims court by White to the Municipal Court, where she also sought a trial by jury. Indiana Realty sought treble damages for White's unlawful retention of the apartment and attorney's fees under Ind.Code § 34–4–30–1 (West 1989 Supp.). On March 18, 1987, Judge Joseph Myers conducted a hearing on Indiana Realty's motion for summary judgment. White, who was represented by an attorney, did not file opposing affidavits or even answer Indiana Realty's complaint. Judge Myers entered summary judgment for Indiana Realty on April 1, 1987, and granted immediate possession of the apartment, $1,333.84 in damages, $107.70 in interest, and $650.00 in attorney's fees. White finally turned her apartment key over to Indiana Realty on April 10, 1986.

White appealed, and the Court of Appeals affirmed. *White v. Indiana Realty Associates II* (1988), Ind.App., 530 N.E.2d 326. We grant transfer to emphasize that only the most extreme landlord-tenant cases present evidence adequate to invoke Ind.Code § 34–4–30–1.

## II. *Discussion*

■ It will be a rare landlord-tenant dispute which presents sufficient evidence of criminal intent to warrant treble damages and fees under Ind.Code § 34–4–30–1. Moreover, it is even less likely that the proof of criminal intent will be so strong that there is no genuine issue of material fact, warranting summary judgment. Summary judgment will never be appropriate when a landlord has simply requested or insisted that a tenant leave; a tenant may have many legally justifiable grounds for remaining.

■ Indiana Realty's cause of action is based on Ind.Code § 34–4–30–1, which provides:

> If a person suffers a pecuniary loss as a result of a violation of IC 35–43, ... the person may bring a civil action against the person who caused the loss for the following:
>
> (1) An amount not to exceed[1] three (3) times the person's actual damages.
>
> (2) The costs of the action.
>
> (3) A reasonable attorney's fee....

Under this unique statute, a criminal conviction is not a condition precedent to recovery. *James v. Brink & ERB, Inc.* (1983), Ind.App., 452 N.E.2d 414, 416 n. 3. The claimant need only prove by a preponderance of the evidence that the criminal act was committed by the defendant. *See Obremski v. Henderson* (1986), Ind., 497 N.E.2d 909.

Indiana Realty claimed a pecuniary loss from White's alleged conversion, Ind.Code § 35–43–4–3 (West 1986); criminal trespass, Ind.Code § 35–43–2–2 (West 1986); and deception, Ind.Code § 35–43–5–3 (West 1986).[2] Attorney's fees were specifically

---

**1.** The General Assembly amended this statute to read "not to exceed" where it previously read "equal to." Act approved Feb. 29, 1984, Pub.L. No. 172, 1984 Ind. Acts 1462. This amendment seems to grant discretion in determining damages.

**2.** These statutes all include "knowingly or intentionally" as the requisite mental state for proving a violation.

prayed for along with other permissible costs under Ind.Code § 34–4–30–1.

■ The trial court entered a general judgment for Indiana Realty; it does not reveal which violations of Title 35 are the basis of the judgment. Nonetheless, all the alleged criminal acts include the element of mens rea or criminal intent, and Indiana Realty must carry the burden of proving it. *Lambert v. Yellowbird, Inc.* (1986), Ind.App., 496 N.E.2d 406, 410, *reh'g denied in part* (1986), Ind.App., 498 N.E.2d 80 ("Since this action was brought pursuant to the treble damages statute, the elements necessary to establish conversion are those found in the criminal statute.").

The difficult task facing a plaintiff who seeks summary judgment in a cause of action requiring proof of criminal intent derives from the standard applicable to a motion for summary judgment:

> The contents of all pleadings, affidavits and testimony are liberally construed in the light most favorable to the non-moving party.
>
> If pleadings, depositions, answers to interrogatories, admissions on file and testimony show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, a Motion for Summary Judgment shall be granted. The motion should be resolved in favor of the party opposing the Motion for Summary Judgment if there is any doubt as the the existence of a material factual issue.... Summary judgment is not an appropriate vehicle for the resolution of questions of credibility or weight of the evidence, or conflicting inferences which may be drawn from undisputed facts.

*Bell v. Northside Finance Corp.* (1983), Ind., 452 N.E.2d 951, 953 (citation omitted).

■ Our rules also provide summary judgment should be sparingly granted even against a party who does not respond, though surely the non-moving party weakens his position by not responding:

> Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence.

Ind.Trial Rule 56(C).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Ind.Trial Rule 56(E).

■ Moreover, because the cause of action under Ind.Code § 34–4–30–1 mixes civil law and criminal intent, it implicates at least two sections of our state's constitutional policy favoring intervention of a jury. "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." "In all civil cases, the right of trial by jury shall remain inviolate." Ind. Const..art. I, §§ 19, 20. These constitutional provisions and the policy they represent underlie the extreme caution which a court should use in granting summary judgment in this setting. Had White responded to Indiana Realty's motion in any way, summary judgment would have been inappropriate. White did not.

In the case at bar, Indiana Realty presented the following uncontroverted facts which we conclude were adequate to establish White's criminal intent in violation of one of the criminal acts [3] alleged in the complaint:

---

**3.** It seems that conversion and trespass are the two most likely criminal offenses on which the civil judgment might rest. For the sake of analysis, we chose to examine the trespass claim under Ind.Code § 35–43–2–2(a)(2) (West 1986), which states: "not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or his agent ..."

1) On December 4, 1985, the trial court entered a final judgment for damages and possession in favor of Indiana Realty.

2) Two days after White was directed by the court to transfer possession to Indiana Realty, she initiated a federal bankruptcy action which arguably lacked any substantive legal merit. White voluntarily moved to dismiss the suit. She continues to assert however, that the suit stayed any municipal court proceeding.[4]

3) White retained possession until April 10, 1986, more than four months after the date set by the trial court for transfer of possession.

4) Throughout this four-month period, White both refused to vacate the apartment, and refused to pay any rent. As White's attorney admits, "Nancy White does not dispute her owing rental from December 8, 1986 through April 9, 1986."

White's attorney asserts in a memorandum in opposition: "Because of long standing medical conditions and a lack of employment opportunities, it was *impossible* for Nancy White to pay her rent." In granting summary judgment, the trial court chose only to assess attorney's fees in the amount of $650.00. The trial court also assessed $1,333.84 in damages (representing about four months' rent) and $107.70 in interest for a total of $2,091.54 plus costs. The treble damages provision of Ind.Code § 34–4–30–1, however, was apparently not invoked by the trial court. In determining these sums, it is highly appropriate for the trial court to weigh any equities before deciding the amount, if any, owed under Ind.Code § 34–4–30–1.

### III. *Conclusion*

While we normally regard a finding of criminal intent as the sort of determination requiring intervention by a fact-finder, the extremely aggravated action by the tenant and her approach to the litigation persuade us that summary judgment was appropriate. In the face of two affidavits supplied by Indiana Realty which outlined White's

lengthy holdover beyond the trial court's order to vacate in December 1985 and her effort to use the bankruptcy system to retain possession of what was Indiana Realty's property, White neither supplied counter-affidavits nor even an answer. In a sense, she did even less than "rest upon the mere allegations or denials of her pleadings." Ind.Trial Rule 56(C). The facts of this case present the rare situation in which criminal intent may be found in a civil action through summary judgment.

We affirm the trial court's judgment.

DeBRULER and DICKSON, JJ., concur.

GIVAN, J., concurs in result.

PIVARNIK, J., would deny transfer.

---

**4.** We conclude that the Court of Appeals correctly ruled against White on issues related to her

bankruptcy. We affirm the Court of Appeals on these issues. Ind.Appellate Rule 11(B)(3).