**Henry SQUIRES, Appellant,**

v.

**UTILITY/TRAILERS OF INDIANAPO- LIS, INC., d/b/a Utility/Peterbilt of Indianapolis, Inc., Appellee.**

No. 49A05–9702–CV–63.

Court of Appeals of Indiana.

Oct. 31, 1997.

Stephen C. Wheeler, Eileen J. Sims, Jennings Taylor Wheeler & Bouwkamp, P.C., Carmel, for Appellant.

Elizabeth A. Gamboa, Richard A. Mann, Indianapolis, for Appellee.

## OPINION

SHARPNACK, Chief Judge.

This case comes to us on interlocutory appeal. Henry Squires appeals the granting of a motion for partial summary judgment in favor of the defendant-appellee, Utility Trailers of Indianapolis, Inc., d/b/a/ Utility/Peterbilt of Indianapolis, Inc. (hereinafter "Utility"). He raises two issues for our review which we restate as:

(1) may the trial court grant partial summary judgment to Utility on Squires' claim for criminal deception[1] in ruling on Utility's motion to reconsider its denial of Utility's motion for partial summary judgment on Squires' claim for fraud; and,

(2) is there a genuine issue of material fact that precludes partial summary judgment for Utility on Squires' claim for criminal deception.

We reverse.

The facts most favorable to Squires, the nonmoving party, follow. Utility is in the business of buying and selling new and used truck tractors. As part of its business, it accepts trade-ins. In 1994, Phillip Lake was a salesman for Utility. During that time, a used 1991 Peterbilt truck tractor was brought in to Utility as a trade-in. As part of his job, Lake inspected and appraised trucks to determine their trade-in allowance prior to purchasing them. Lake followed this procedure for the 1991 truck. The owner of the 1991 truck also provided Lake with a receipt which documented replacement of the transmission.

After some time, Lake contacted Squires, a potential buyer, and informed him of the 1991 truck Utility had acquired. While Utility had possession, it performed maintenance on the truck which included replacing the gearshift mechanism. Squires purchased the truck from Utility based on a buyer's invoice that described the truck and some of its component parts. Particularly, the buyer's invoice described the transmission as an RTO 15–6–13, 13–speed transmission. Soon after purchasing the truck, Squires discovered the truck contained a thirty-year-old direct drive transmission, rather than the transmission described in the buyer's invoice. The thirty-year-old transmission was inadequate for the truck's engine. As a result, Squires had to purchase and have installed a proper transmission.

Squires filed a complaint against Utility alleging that Utility had breached express and implied warranties (paragraphs 6–11 and 13), "committed criminal deception" in violation of I.C. § 35–43–5–3 (paragraphs 14 and 15), and "perpetrated a fraud" (paragraph 16).

Utility filed a motion for partial summary judgment as to the claim of fraud in paragraph 16. Specifically, the motion read in relevant part:

"Comes now the Defendant, Utility Trailers of Indianapolis, Inc., d/b/a Utility/Peterbilt of Indianapolis, Inc. (hereinafter "Utility"), by counsel, and respectfully moves the Court for partial summary judgment in its favor and against the Plaintiff, Henry Squires, on the sole issue of whether Utility perpetrated a fraud against the Plaintiff as alleged in Paragraph 16 of Plaintiff's complaint."

Record, p. 16. Utility premised its motion on the contention that there was no issue as to the material fact that Utility did not have knowledge that the transmission was not the proper one as represented in its sale to Squires. (Record, p. 23) The trial court denied the motion after a hearing of which there is no record. However, the court's order read: "Comes now the Defendant, by counsel, having filed its Motion for Partial Summary Judgment, and the Court being duly advised in the premises, now finds that

---

1. Utility refers to the criminal deception claim as "criminal fraud" throughout its materials. However, the crime is referred to as deception in the statute and this is the term we use. *See* Ind.Code 35–43–5–3.

the Motion should be denied." Record, p. 57. Utility filed a motion to reconsider the order denying the motion for partial summary judgment, but as to the criminal deception claim in paragraphs 14 and 15. Specifically, the motion to reconsider read:

"Comes now Defendant, by counsel, and respectfully requests the Court to reconsider its denial of the Motion for Partial Summary Judgment, and in support of said motion states the following: That paragraphs 14 and 15 of Plaintiff's Complaint rely on allegations of criminal fraud. The Court, in the hearing on Motion for Summary Judgment, stated that the Court did not believe there were sufficient facts to rebut the Motion for Summary Judgment as it applies to the allegations of criminal fraud. That paragraphs 14 and 15 of the Complaint rely totally on criminal fraud ... WHEREFORE, Defendant prays that the Court reconsiders its ruling with regard to the Motion for Partial Summary Judgment as it applies to the allegations of criminal fraud, and for all other relief which is proper in the premises."

Record, pp. 58–59. The trial court granted the motion to reconsider in an order that read:

"Comes now the Defendant, by counsel, having filed its Motion to Reconsider, and the Court being duly advised in the premises, now finds that the Motion should be granted. Defendant's Motion for Partial Summary Judgment granted."

Record, p. 60. This interlocutory appeal ensued.

## I.

The first issue for our review is whether the trial court may grant partial summary judgment to Utility on Squires' claim for criminal deception in ruling on Utility's motion to reconsider its denial of Utility's motion for partial summary judgment on

Squires' claim for fraud. We hold that the trial court may do this.[2]

Squires contends that the trial court could not properly grant partial summary judgment on his criminal deception claim because that claim was not the claim on which Utility originally sought partial summary judgment and no designation of materials relating to the criminal deception claim was made to which he could respond.

Utility contends that the trial court has the power to grant partial summary judgment on any basis that is revealed by the designated materials, and may do so on a motion to reconsider.

■ In reviewing a trial court's grant of summary judgment, we may use alternate legal theories to affirm the order if they are found in the designated materials. *Snyder v. Cobb,* 638 N.E.2d 442, 447 (Ind.Ct.App.1994), *trans. denied.* Similarly, "[w]e will affirm the grant of summary judgment if it is sustainable on any theory or basis in the evidentiary matter designated to the court." *Short v. Haywood Printing Co., Inc.,* 667 N.E.2d 209, 211 (Ind.Ct.App.1996), *reh'g denied, trans. denied,* 683 N.E.2d 582. These same principles can be applied to a trial court's review of its own orders. We have previously held that a trial court has an inherent power to reconsider, vacate, or modify any previous order so long as the case has not proceeded to final judgment. *Haskell v. Peterson Pontiac GMC Trucks,* 609 N.E.2d 1160, 1163 (Ind.Ct.App.1993). In doing so, a trial court may reconsider, vacate, or modify an order based upon any theory supported in the designated materials.

■ Here, the potential material fact issue raised by Utility in its original motion is whether or not Utility, at the time it represented to Squires that the truck contained an RTO 15–6–13 transmission, knew that the truck did not. If there is no genuine issue as to that fact and the fact is, as shown by the

---

2. The effect of the trial court's action on the motion to reconsider needs some analysis. Squires is uncertain as to whether the trial court intended to grant partial summary judgment as to both his claim for fraud and his claim for criminal deception. In its brief to us, Utility recognizes, correctly as we see it, that the trial court's action granted partial summary judgment to it on Squires' criminal deception claim. Squires' fraud claim remains alive. If we have misconstrued the trial court's intent, it is not important, as our resolution of the case would preclude partial summary judgment on either claim.

designated materials, that Utility did not know the transmission was other than as represented, the criminal deception claim would fail as well as the fraud claim. Whether or not there is a genuine issue as to that fact was squarely presented and responded to with respect to the original motion for partial summary judgment. Squires does not indicate the existence of any additional materials that could have been presented on the question of whether there was a genuine issue of fact as to Utility's knowledge.

■ Where an issue of fact is material to more than one claim in a complaint and materials are properly designated by both parties on the issue of whether or not there is a genuine issue as to that fact, a court may, on reconsideration or original consideration, rule as to any claim on which a party is entitled to judgment as a matter of law if there is no genuine issue as to that fact. T.R. 56(C); *see also Bals v. Verduzco*, 600 N.E.2d 1353 (Ind.1992); *Minton v. Sackett*, 671 N.E.2d 160 (Ind.Ct.App.1996); *Short*, 667 N.E.2d at 211.

We conclude, therefore, that the trial court did not err to the extent that it ruled as to the criminal deception claim on the motion to reconsider, as that claim shared the common material issue of knowledge with the fraud claim. We conclude, however, as we explain below, that the trial court erred because there is a genuine issue of fact as to Utility's knowledge.

## II.

The second issue for our review is whether the trial court properly granted summary judgment as to the criminal deception claim. Specifically, we must determine whether a genuine issue of material fact exists. We hold that such a material issue of fact does exist.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and they are entitled to judgment as a matter of law. Once the movant has sus-

tained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh'g denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind. 1991). Even if the facts are undisputed, summary judgment is inappropriate where the evidence reveals a good faith dispute as to the inferences to be drawn from those facts. *State v. American Motorists Ins. Co.*, 463 N.E.2d 1142, 1146 (Ind.Ct.App.1984).

■ Under Indiana law, persons who suffer a pecuniary loss as a result of criminal deception may bring a civil action for damages against the deceiver. Ind.Code § 34–4–30–1. Unlike in a criminal trial, a claimant "need only prove by a preponderance of the evidence that the criminal act was committed by the defendant." *White v. Indiana Realty Assoc. II*, 555 N.E.2d 454, 456 (Ind.1990). In addition, a criminal conviction is not required for recovery. *Id.* However, all elements of the alleged criminal act must be proven by the claimant. *Id.*

Indiana's criminal deception statute reads, in pertinent part, as follows:

Sec. 3(a) A person who:

\*    \*    \*    \*    \*    \*

(2) knowingly or intentionally makes a false or misleading written statement with intent to obtain property ...

\* \* \* \* \* \*

(4) knowingly or intentionally, in the regular course of business, either:

\* \* \* \* \* \*

(B) sells, offers, or displays for sale or delivers less than the represented quality or quantity of any commodity;

\* \* \* \* \* \*

(6) with intent to defraud, misrepresents the identity of the person or another person or the identity or quality of property;

\* \* \* \* \* \*

commits deception, a Class A misdemeanor.

I.C. § 35–43–5–3. Each of the sub-sections possibly relevant to the facts in this case require a scienter of either "knowingly or intentionally" or "intent to defraud." Thus, Squires has the burden of proving Utility's alleged deception was either intentionally or knowingly made. *See White,* 555 N.E.2d at 457.

Here, Squires claims that the false statements in the buyer's invoice "were made with the purpose to induce [Squires] to purchase the 1991 Peterbilt truck." Record, p. 5. Squires argues that Utility had knowledge of the used transmission. On the other hand, Utility claims that the "undisputed evidence is Utility did not know the transmission was not the [manufacturer's original] until after Squires took possession of the semi." Appellee's brief, p. 15. Therefore, Utility argues, "it could not have intended to deceive Squires when it did not know the proper transmission was not in the semi." *Id.*

We find that there is a genuine issue as to a material fact regarding whether Utility had knowledge of the replaced transmission. First, it was a general practice for Lake to inspect and appraise a truck before accepting it as a trade-in. This involved assessing the condition of the truck before deciding what Utility would give for the truck. Second, the prior owners of the truck provided Lake with paperwork that indicated the transmission had been replaced. He received this paperwork a couple days after accepting the truck but before selling it to Squires. Upon receiving and examining the paperwork, Lake placed it into the company's file on that particular truck. The paperwork indicated that the transmission had been replaced and was not the transmission indicated on the buyer's invoice received by Squires. Although Lake denies having seen the parts of the document that described the transmission, it could be inferred from the circumstances that he did. Issues of credibility cannot be resolved by summary judgment. *Bell v. Northside Finance Corp.,* 452 N.E.2d 951, 953 (Ind.1983); *Soley v. Van-Keppel,* 656 N.E.2d 508, 512 (Ind.Ct.App. 1995); *Frye v. American Painting Co.,* 642 N.E.2d 995, 998 (Ind.Ct.App.1994).

For the foregoing reasons, the order granting the motion for partial summary judgment as to the criminal deception claim is reversed.

We reverse the judgment of the trial court.

Reversed.

GARRARD and RUCKER, JJ., concur.