**NOBLE COUNTY, by and through the NOBLE COUNTY BOARD OF COMMISSIONERS, and Noble County Building Department, through Richard A. Adair, its Building Inspector, Appellants–Plaintiffs,**

v.

**Crystal ROGERS, Appellee–Defendant.**

No. 57A03–9903–CV–124.

Court of Appeals of Indiana.

Oct. 12, 1999.

Phillip A. Renz, Diana C. Bauer, Miller Carson Boxberger & Murphy LLP, Fort Wayne, Indiana, Attorneys for Appellant.

Crystal Rogers, Cromwell, Indiana, Appellee Pro Se.

## OPINION

GARRARD, Judge

### Case Summary

In this interlocutory appeal, Noble County (the "County"), by and through the Noble County Board of Commissioners and the Noble County Building Department, challenges the court's denial of its motion for summary judgment. We affirm.

### Issue

Although the County presents three issues for our review, we address only the following dispositive issue: whether the immunity provisions of the Indiana Tort Claims Act (the "Act") [1] bar a Trial Rule 65(C) action against a governmental entity for wrongfully enjoining a party.

### Facts and Procedural History

Crystal Rogers owns real estate located in an unincorporated area of Noble County and was engaged in constructing a second story to her residence. The work was being performed by members of Rogers' family and a friend. Rogers had not applied for a building permit from the County. The County's building inspector, con-

---

1. IND.CODE § 34–13–3–1 through –25; formerly IND.CODE § 34–4–16.5–1 through –19.

cerned about the stability of the structure, issued a stop work order. In November of 1996, the County then filed a complaint to require Rogers to allow an inspection of the residence and moved to enjoin Rogers from further construction activity until she obtained a building permit and complied with the Noble County Code.

In December of 1996, following a hearing, the trial court issued a temporary restraining order and entered Findings of Fact and Conclusions of Law. In response, Rogers ceased all construction, filed an interlocutory appeal, and moved out of her residence and into a rental unit. In April of 1997, we issued an opinion stating:

> By enacting Ordinance 1988–10, Noble County adopted minimum standards pursuant only to Ind.Code § 36–7–8–3, from which Rogers is exempt. Because the ordinance adopts almost the entire body of rules of the Fire Prevention and Building Safety Commission, it cannot be considered a minimum housing standard. The County has not shown that separate minimum housing standards pursuant to Ind.Code § 36–7–8–4 have ever been adopted and we must conclude that none exist.
>
> The finding of the trial court that the Noble County Building Code has been enacted pursuant to both Ind.Code § 36–7–8–3 and § 36–7–8–4 is erroneous. The finding of the trial court that Noble County Ordinance 1986–4 and 1988–10 adopts minimum housing standards as authorized by Ind.Code § 36–7–8–4 is also erroneous. We hold that the trial court abused its discretion in granting the temporary restraining order against Rogers and we order the same dissolved. Because [Rogers'] motion for summary judgment is before the trial court, we also hold that Rogers is not required to allow an inspection of her residence, not required to obtain a building permit, and not required to comply with the Noble County Code be-

cause the County has not adopted minimum housing standards.

*Rogers v. Noble County By and Through Noble County Bd. of Comm'rs,* 679 N.E.2d 158, 162 (Ind.Ct.App.1997), *trans. denied.*

In June of 1997, Rogers filed an amended counterclaim asserting that the County's actions "resulted in [her] being wrongfully enjoined from completing a construction project upon her private residence, and forcing [her] to vacate her home and relocate her family, causing severe financial hardship to [her] and her family, and an undue delay in completion of the construction." Record at 40–41. The County filed an answer and a motion for summary judgment. The court denied the motion in an order stating:

> On October 30, 1998 [the County] filed a Motion for Summary Judgment. [Rogers] filed her Response to the Motion for Summary Judgment and on January 14, 1999 the Court heard arguments. The Court having considered the written submissions and oral arguments of the parties now OVERRULES AND DENIES the County's Motion for Summary Judgment.
>
> To the extent that [Rogers] is seeking damages for wrongful enjoinment under Indiana Trial Rule 65 the court believes that the immunity provisions of the [Act] Under Indiana Code 34–13–3–3(5) and Indiana Code 34–13–3–3(6) do not apply.

Record at 93.

### Discussion and Decision

The County asserts that the interrelationship between the Act and Trial Rule 65(C) has never been squarely addressed by an Indiana court. Thus, for guidance, the County looks to an arguably similar Illinois law and to how an Illinois court dealt with the issue. Contending that Indiana's Act should trump the trial rules, the County claims that the trial court erroneously denied its summary judgment motion.

∎ Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to establish two elements. *Squires v. Utility/Trailers of Indianapolis, Inc.,* 686 N.E.2d 416, 420 (Ind.Ct.App. 1997). Once the movant has sustained this burden, the opponent must respond by setting forth specifically designated facts showing the existence of a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter,* 596 N.E.2d 1369, 1371 (Ind. 1992).

∎ The party losing in the trial court has the burden of persuading us that the trial court's decision was erroneous. *Beaman v. Smith,* 685 N.E.2d 143, 145 (Ind.Ct.App.1997). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. *Squires,* 686 N.E.2d at 420. We may not reverse a summary judgment on the basis of an issue of fact or evidence relevant thereto which was not specifically designated to the trial court. T.R. 56(H). Yet, if the trial court is apprised of the specific material upon which the parties rely in support of or in opposition to a motion for summary judgment, then the material may be considered. *National Bd. of Examiners v. Am. Osteopathic Ass'n,* 645 N.E.2d 608, 615 (Ind.Ct.App.1994).

Although the County correctly notes that no Indiana case has directly addressed how Trial Rule 65(C) and the Act mesh, a few interesting Indiana cases do exist regarding this issue. For instance, we have stated:

> Under TR 65(C), "[t]he security is intended to compensate the defendant for any damages incurred as a result of the preliminary injunction if he prevails at a later hearing."

\* \* \*

[I]f the damages incurred by the defendant exceed the amount of the security, it is only logical that the defendant should be made whole again by recovery of the excess from the plaintiff. Further, TR. 65(C), we believe, implies that any party wrongfully enjoined or restrained may recover for costs and damages incurred or suffered, regardless of the character of the plaintiff. A governmental organization is responsible for costs and damages *as may be incurred or suffered* by a party wrongfully enjoined or restrained. The presumption of financial integrity on the part of a governmental organization may obviate the necessity for the giving of security, but surely recovery of the full measure of a wrongfully enjoined or restrained defendant's damages was not intended to be contingent upon the plaintiff being a governmental organization. Such a defendant is susceptible to damages irrespective of the plaintiff bringing suit, and the recovery available should likewise be the same irrespective of that plaintiff.

*Howard D. Johnson Co. v. Parkside Devel. Corp.,* 169 Ind.App. 379, 348 N.E.2d 656, 662–63 (1976). Although the above discussion following the word "Further" is dicta since *Howard D. Johnson Co.* did not involve a governmental entity, the viability of a Trial Rule 65(C) claim against a governmental entity was certainly presumed.

Likewise, more recently, we assumed the viability of a Trial Rule 65(C) claim against a governmental entity.

Because the preliminary injunction has been dissolved, the State [at the request of the Commissioner of the Indiana Department of Labor] contends that we should dismiss the appeal as moot. The School counters that the appeal is not moot because it has filed a counterclaim for damages based on Indiana Trial Rule 65(C)... We agree with the School.

An appeal is moot when it is no longer live and the parties lack a legally cognizable interest in the outcome or when no

effective relief can be rendered to the parties.

\* \* \*

Here, the School has a legally cognizable interest in this court's determination of the propriety of the preliminary injunction based on its counter-claim under Trial Rule 65(C). That rule exempts governmental agencies from the bond requirements for the issuance of preliminary injunctions but provides that the governmental agency "shall be responsible for costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Ind. Trial Rule 65(C). Thus, the determination of whether the preliminary injunction was properly issued has a direct bearing on the School's ability to recover on its counter-claim. We conclude that the appeal is not moot.

*Union Township School Corp. v. State ex rel. Joyce*, 706 N.E.2d 183, 187 (Ind.Ct. App.1998) (some citations omitted), *trans. denied.* However, in *Union*, we were not presented with an argument that the Act's immunity provisions would disallow a Trial Rule 65(C) action against a governmental entity.

In *City of Seymour v. Onyx Paving Co.*, 541 N.E.2d 951 (Ind.Ct.App.1989), *trans. denied.* Seymour argued that notwithstanding Onyx's possession of a valid permit to construct a plant on certain land, Seymour was immune from liability that Onyx incurred by virtue of its issuance of a stop work order. *Id.* at 956. We concluded that the issuance of the stop work order was a discretionary act afforded immunity under the Act. *Id.* at 958. We also determined that Seymour was entitled to immunity under three other sections of the Act. *Id.* At first blush, *Seymour* appears to be contrary to both *Howard D. Johnson Co.* and *Union.* However, a closer examination of the case reveals that there was no discussion whatsoever of Trial Rule 65(C) in *Seymour* because it was the contractor

rather than the city that sought injunctive relief. Hence, *Seymour* does not necessarily conflict with *Howard D. Johnson* or *Union* and is not controlling in resolving the present controversy.

In view of the limited usefulness of case law on the subject, we look to the language of the rule and the Act. Trial Rule 65(C) provides:

**Security.** No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. *No such security shall be required of a governmental organization, but such governmental organization shall be responsible for costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.*

(Emphasis added). The Act provides in relevant part:

A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:

\* \* \*

(5) the initiation of a judicial or an administrative proceeding;

(6) the performance of a discretionary function; however, the provision of medical or optical care, as provided in, Ind.Code 34–6–2–38 shall be considered as a ministerial act[.]

IND.CODE § 34–13–3–3.

A governmental entity is subject to liability for torts committed by its agencies and employees unless one of the immunity provisions of the Act applies. IND.CODE §§ 34–13–3–1; –3. Because the Act is in derogation of the common law, it is narrowly construed against the grant of immunity. *Mullin v. Municipal City of*

*South Bend,* 639 N.E.2d 278, 281 (Ind. 1994). The party seeking immunity bears the burden of proving that its conduct falls within one of the exceptions set out in the Act. *Id.*

■ A trial rule which is unambiguous on its face need not and cannot be interpreted by a court. *Barrow v. Pennington,* 700 N.E.2d 477, 479 (Ind.Ct.App. 1998). Moreover, the language of a statute and any inferences to be derived therefrom are not to be construed so as to conflict with the Indiana Trial Rules. *Jasper County Comm'rs v. Monfort,* 663 N.E.2d 1166, 1167 (Ind.Ct.App.1996) (citing IND.CODE § 34–5–2–1, now IND.CODE § 34–8–1–3, which states: "The supreme court has authority to adopt, amend, and rescind rules of court that govern and control practice and procedure in all the courts of Indiana. These rules must be promulgated and take effect under the rules adopted by the supreme court, and thereafter all laws in conflict with the supreme court's rules have no further force and effect."), *trans. denied.*

■ On the other hand, it is traditional jurisprudence that where rules of court are in apparent conflict with the provisions of an act of the legislature, the supreme court rule will prevail in matters of procedure but the statute will control on matters of substantive law. *See, e.g., McEwen v. State,* 695 N.E.2d 79, 89 (Ind.1998); *Mounts v. State,* 496 N.E.2d 37, 39 (Ind. 1986). Here we are concerned with the rule of procedure dealing with the granting of injunctions. While the county might have sought a permanent injunction without seeking a temporary injunction, it chose not to do so. It thus invoked the procedure provided by Trial Rule 65(C). That procedure requires that an applicant for a restraining order or preliminary injunction give security to cover costs and damages if the temporary injunction is later determined to have been wrongfully

granted. It relieves government organizations of the obligation to give the security but retains their responsibility for costs and damages as may be incurred or suffered by any party who has been wrongfully enjoined or restrained. As such, we find the obligation to be procedural.

Trial Rule 65(C) clearly states that a "governmental organization *shall be* responsible for costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." (Emphasis added). It does not say that a governmental organization may be responsible for such damages unless one of the Act's immunity provisions applies to shield the governmental organization. Construing the Act to bar an action against a governmental entity for wrongfully enjoining a party would render the relevant portion of Trial Rule 65(C) meaningless. We do not interpret the rule in that manner.[2] Accordingly, the trial court was correct in denying summary judgment.

Affirmed.

SULLIVAN, J. and BAILEY, J. concur.

---

**2.** Having reached this particular conclusion after applying the aforementioned reasoning, we see no benefit to examining another state's case law regarding that state's law, especially when that state's law is different than ours in key respects.